IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00028-FDW

| | |
|---|---|
| DARRON J. JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **ORDER** |
| FNU CRANFORD, | ) ) |
| Defendant. | ) ) ) |

**THIS MATTER** is before the Court on consideration of Defendant's motion to dismiss Plaintiff's amended complaint which he filed pro se pursuant to 42 U.S.C. § 1983.

## I. BACKGROUND

Defendant is a nurse who is employed by the North Carolina Department of Public Safety, and Plaintiff is a prisoner of the State of North Carolina. Plaintiff alleges that while he was housed at Brown Correctional Institution, Defendant Cranford failed to properly evaluate an alleged injury to his right hand before Plaintiff was placed in segregation. Plaintiff filed a grievance and in the response the examiner noted that Nurse Cranford examined Plaintiff's hand on July 8, 2014, and concluded that were no signs of physical deformity or evidence of trauma.[1] Plaintiff claims that Defendant Cranford examined his hand a second time a couple of weeks later and referred Plaintiff to a physician after concluding that his initial diagnosis may have been in error. (Doc. No. 9: Amended Complaint). Plaintiff was later examined at Carolina Bone & Joint by a doctor who opined that Plaintiff had a broken thumb.

---

[1] The Court finds that consideration of Plaintiff's written grievance and the responses thereto by prison officials are properly considered in determining whether Plaintiff's amended complaint states a claim for relief. See Philips v. Pitt County Mem. Hosp, 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

1

## II. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not

2

state a § 1983 claim unless exceptional circumstances are alleged." <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

The Court finds that Plaintiff's amended complaint fails to state a claim for relief because at best, Plaintiff states a simple claim for negligence, medical malpractice, and disagreement with Defendant Cranford's initial diagnosis. Moreover, Plaintiff admits that Defendant Cranford recognized that he may have misdiagnosed him during the initial examination and that he attempted to address Plaintiff's injury by referring him to a doctor for further evaluation. This fact alone undercuts Plaintiff's claim of deliberate indifference.

### III. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's amended complaint should be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant Cranford's motion to dismiss is **GRANTED**. (Doc. No. 18).
2. Plaintiff' amended complaint is **DISMISSED**. (Doc. No. 9).
3. Defendant Cranford's motion to stay discovery is **DISMISSED AS MOOT**. (Doc. No. 24).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: August 22, 2016

Frank D. Whitney
Chief United States District Judge